UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN D. TONNER,

        Plaintiff,

-against-

FIRSTSERVICE CORPORATION;
FIRSTSERVICE RESIDENTIAL ONTARIO;
NABILA NAWALEEN; MARIA DIMAKAS;
RICHARD A. ELIA; ANTONI
CASALINUOVO; ELIA ASSOCIATES;
SHANTI E. BARCLAY; DEO
CONDOMINIUM LAWYERS;
PROFESSIONAL INDEMNITY COMPANY;
ATTORNEY GENERAL OF ONTARIO; LAW
SOCIETY OF ONTARIO,

        Defendants.

24-CV-6913 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

    Plaintiff Stephen D. Tonner, appearing *pro se*, brings this action alleging that Defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 ("RICO"), by engaging in fraud, theft, and extortion related to a condominium unit in Ontario, Canada. By Order dated September 18, 2024, ECF No. 5, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from Plaintiff's Second Amended Complaint.[1] (ECF No. 9.) Plaintiff, a resident of Springfield, New Jersey, is "associated or related to Liliya Nugent[,] the past registered owner of unit # 811 in the Condominium Building municipally known as 11611 Yonge Street" in Richmond Hill, Ontario, Canada (the "Condominium Building"). (*Id.* ¶¶ 5, 6.) Plaintiff is also "a minor shareholder" of Defendant FirstService Corporation ("FSC"), the "controlling organization" of the Condominium Building's property management company. (*Id.* ¶¶ 5, 9, 10.)

Plaintiff appears to assert claims on behalf of Liliya Nugent and/or, on behalf of FSC, in his role as an FSC minority shareholder. The claims arise from a dispute that Nugent has or had

---

[1] The Court quotes from the Second Amended Complaint ("SAC") verbatim. All spelling, grammar, and punctuation appear as in the SAC, unless noted otherwise.

with Canadian individuals and entities, including most of the Defendants, regarding costs and other matters associated with the unit she formerly owned in the Condominium Building. (*Id.* ¶¶ 20-35.) Plaintiff also accuses Defendants of committing criminal acts. (*Id.* ¶¶ 4, 23, 29.) Plaintiff further appears to allege that the actions of at least some of the Defendants, which occurred in Canada, have had or will have harmful effects on FSC's operations and share value. (*Id.* ¶¶ 19, 24.)

Plaintiff sues: (1) FSC (*id.* ¶ 5); (2) FirstService Residential Ontario, of Mississauga, Ontario, Canada, which is owned by FSC and is the property manager of the Condominium Building (*id.* ¶¶ 5, 7, 9); (3) "The Condo Corp." (*id.* ¶ 7); (4) Nabila Nawaleen, a FirstService Residential Ontario employee who carries out property-manager duties in the Condominium Building (*id.* ¶ 12); (5) Maria Dimakas, a Canadian attorney at the law firm Deo Condominium Lawyers, who allegedly represented the "Condo Corp." (*id.* ¶ 13); (6) Richard A. Elia, a Canadian attorney and owner of the firm Elia Associates, who also allegedly represented the "Condo Corp." (*id.* ¶ 14); (7) Antoni Casalinuovo, a Canadian attorney employed by Deo Condominium Lawyers or Elia Associates (*id.* ¶ 15); (8) Shanti E. Barclay, a Canadian attorney employed by the firm Zarek Taylor Grossman Hanrahan, who allegedly represented the "Condo Corp." (*id.* ¶ 16); (9) Deo Condominium Lawyers; (10) Professional Indemnity Company Ontario ("Law Pro Ontario") (*id.* ¶ 17); (11) the Attorney General of Ontario (*id.* ¶ 19); and (12) the Law Society of Ontario (*id.* ¶ 18). Plaintiff seeks $3,350,000 in compensatory and punitive damages, along with "other racketeering remedies." (*Id.* ¶¶ 1, 2.)

# DISCUSSION

A. **Plaintiff's Claims on Behalf of Nugent and/or on Behalf of FSC**

Plaintiff cannot assert any claims *pro se* on behalf of Nugent and/or on behalf of FSC as an FSC minority shareholder. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A person who is not a lawyer cannot bring suit on behalf of another person or on behalf of another entity, such as a corporation like FSC. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

This rule also applies to a shareholder derivative suit: a person who is not a lawyer cannot bring such a suit *pro se*, *Phillips v. Tobin*, 548 F.2d 408, 411-15 (2d Cir. 1976), including when the suit asserts RICO claims, *see Buhannic v. Am. Arb. Ass'n*, No. 18-CV-2430, 2019 WL 4735005, at *3-4 (S.D.N.Y. Sept. 27, 2019) (Ramos, J.).

Plaintiff does not allege that he is an attorney. He cannot, therefore, assert any claims *pro se* on behalf of another person, such as Nugent, or on behalf of an entity, including FSC, even though he may be an FSC shareholder. The Court therefore dismisses Plaintiff's claims to the extent that they are asserted on behalf of others.

B. **Private Prosecution**

Plaintiff also appears to seek the criminal prosecution of at least some of the Defendants. Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v.*

4

*Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).  The decision to prosecute is solely within the discretion of the prosecutor.  *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981).

To the extent that Plaintiff seeks to file a criminal action, the Court dismisses the complaint for lack of standing and for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (citation omitted)).

**C.      Leave to Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Because Plaintiff cannot cure the defects in his complaint with a third amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 2, 2025
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge